UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ELISE WAKEFIELD,                          )
                                          )
                    Plaintiff,            )        CIVIL ACTION NO.
v.                                        )
                                          )
MATTHEW HANEY, in his official and        )
individual capacities,                    )
                                          )
                                          )
                    Defendants.           )

## PLAINTIFF'S COMPLAINT

1. This action for declaratory, injunctive and other appropriate relief is brought by Plaintiff, Elise Wakefield ("Plaintiff" or "Wakefield") to redress the intentional violations by Defendants and others of the rights secured to her by the laws of the United States of America and the State of Maine.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by the Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. § 1983 which provide original jurisdiction for Plaintiff's claims.

3. The amount in controversy exceeds one hundred thousand dollars ($100,000).

## VENUE

4. All actions complained of herein have taken place within the jurisdiction of the United States District Court for the District of Maine and involve Defendants who reside within the jurisdictional limits. Venue is accordingly involved pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

**PARTIES**

5.  Plaintiff, Elise Wakefield is an adult who resides at 32 Kelley Lane in Trenton, Maine.

6.  At all times material, Elise Wakefield was a student of Mount Desert Island High School.

7.  Defendant Matthew Haney ("Principal Haney") is an individual who upon belief resides in Mount Desert Island, County of Hancock, State of Maine.

8.  At all times material, Principal Haney was employed as Principal of Mount Desert Island High School.

**FACTS**

9.  Wakefield went to Ellsworth High School with Max Wood ("Wood") for her freshman and sophomore years.

10. Wood was a biological male and upon belief identifies as a female.

11. Wakefield is a biological female.

12. Wood transferred to Mount Desert Island High School in or around 2024.

13. Upon belief, Wood received complaints of "peeping" on other students in the restroom at Ellsworth High School, meaning that Wood was spying on female students using restroom stalls.

14. Upon belief, Wood also had harassment complaints from other students at Ellsworth High School.

15. These complaints were in Wood's record when he/she transferred to Mount Desert Island High School.

16. Upon belief, Wood also suffered serious and significant mental health problems.

17. Wakefield also transferred to Mount Desert Island High School in 2024.

18. Wood and Wakefield were not friends and did not have any meaningful interactions prior to attending Mount Desert Island High School.

2

19. In the beginning of the school year, in late August and September of 2024, Wood began to harass Wakefield and Wakefield's friend L.M.

20. Wood would flip Wakefield off in the halls and harass her online calling her "transphobic."

21. On or about the second week after school started, Wakefield brought this harassment to Mount Desert Island High School attention by reporting it directly to Principal Haney.

22. These complaints went unnoticed and Wakefield notified Ian Braun, a counselor.

23. Mr. Braun indicated he would set up a mediation to resolve the dispute. Mr. Braun said this on or about late September of 2024.

24. On October 3, 2024, no mediation or action having taken place, Wakefield got on the school bus with L.M. at 8:15AM. Wakefield sat towards the back of the bus and across from L.M.

25. At approximately 8:25AM Wood got on the bus.

26. Wood made his way toward the back of the bus and passed by Wakefield and L.M.

27. Wakefield and L.M. were sitting in separate seats on the bus directly across from one another.

28. Before sitting down, Wood began to assault L.M.

29. Wood punched L.M. in the head repeatedly.

30. Wakefield attempted to pull Wood off L.M. and Wood proceeded to assault Wakefield.

31. Wood punched Wakefield and pulled her hair out.

32. The bus driver stopped the bus during the altercation and attempted to pull Wood off Wakefield.

33. Wood assaulted Wakefield for approximately 2 minutes before the bus driver was able to restrain him.

34. The bus driver split up L.M., Wakefield and Wood, with L.M. and Wakefield sitting in the front of the bus and Wood sitting in the back of the bus.

35. The bus driver immediately radioed the school and principal Haney, indicating that ***he needed police there when he arrives and several staff***.

36. The bus driver indicated there was a fight ***that was not over*** and he thought Wood would try to attack Wakefield and L.M. once they got off the bus.

37. Principal Haney was made aware of the incident on or about 8:30AM.

38. The bus did not arrive at Mount Desert High School until approximately 8:50AM, giving principal Haney plenty of time to arrange for police and necessary staff to be present.

39. Principal Haney refused to notify or request police assistance, indicating words to the effect "we will handle this ourselves."

40. Principal Haney deliberately disregarded a known risk by not having police present when the bus arrived.

41. Principal Haney deliberately disregarded a known risk by not having adequate staff when the bus arrived.

42. During the remainder of the bus ride, Wood taunted L.M. and Wakefield strongly indicating that the fight was not over.

43. When the bus arrived, only principal Haney and a school nurse were present to meet the bus.

44. Wakefield and L.M. immediately got off the bus and were frustrated with Principal Haney's response.

4

45. Principal Haney took no action to protect Wakefield or prevent Wood from further assaulting Wakefield.

46. Principal Haney did not separate Wood and Wakefield.

47. Principal Haney allowed Wakefield to remain by the bus while Wood was exiting the bus, almost certain to lead to physical harm to Wakefield.

48. Upon exiting the bus, Wood proceeded to immediately assault Wakefield in front of Principal Haney.

49. Wood smashed his steel water bottle over Wakefield's head, forcing her to the ground, smashed Wakefield's head against the pavement, bit her in the face, punched Wakefield in the head and eye, and continued to hit her in the head with the steel water bottle.

50. The incident was captured on video and is horrifying to watch.

51. Wood was growling at Wakefield during the attack.

52. Principal Haney *watched the assault* and did nothing to assist Wakefield.

53. The bus driver attempted to pull Wood off Elise but Principal Haney instructed the bus driver to stop saying "do not touch him [Wood] *let them fight it out*."

54. Wakefield has been diagnosed with a concussion, human bite to the face, and PTSD.

## COUNT I
## STATE CREATED DANGER

55. Plaintiff incorporates all preceding paragraphs herein by reference.

56. Defendant violated the provisions of 42 U.S.C. § 1983, in that Defendant, acting under color of State law, deprived Plaintiff of the privileges and immunities secured to her by the Fourteenth Amendment of the United States Constitution.

57. Principal Haney affirmatively acted to increase the threat to Wakefield of third-party private harm.

58. Specifically, Principal Haney had actual notice that Wood had assaulted Wakefield and that the fight "was not over".

59. Principal Haney knew that police presence was requested and necessary.

60. Principal Haney knew that Wood was a direct threat to the safety and wellbeing of Wakefield.

61. Principal Haney knew that Wood had a history of harassment against Wakefield and had just assaulted her on the bus.

62. Principal Haney had time to act-nearly 20 minutes-prior to when the bus arrived at the school.

63. Principal Haney should have had police present to arrest Wood or otherwise ensure Wakefield was protected.

64. At a minimum, Principal Haney should have ensured that Wood and Wakefield did not interact and were separated.

65. Principal Haney had had opportunity to reflect and make a reasoned and rationale decision.

66. Principal Haney failed to do anything aside from watch Wakefield get brutally assaulted by Wood.

67. Principal Haney also instructed the bus driver not to assist Wakefield telling him to "***let them fight it out***."

68. Wood smashed Wakefield's face into the ground, bit her in the face, hit her in the head with a steel water bottle among other brutal and vicious acts.

69. Principal Haney's actions shock the conscience.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.  Enter a declaratory judgment that Defendant's acts complained of herein have violated and continue to violate the rights of Plaintiff as secured by the United States Constitution;

b. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

c. Award reasonable costs and attorney's fees;

d. Award punitive damages; and

e. Grant any other relief this Court deems just and proper under the circumstances.

DATED:  May 12, 2026                           /s/ John E. Baldacci, Jr.
                                               John E. Baldacci, Jr., Esq., Bar No. 5773
                                               Attorney for Plaintiff
                                               STEVE SMITH TRIAL LAWYERS
                                               191 Water Street
                                               Augusta, ME 04330
                                               207-622-3711
                                               Jack@Americantrialgroup.com